IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

NANCY K. BRADY,

      Plaintiffs,

Case No.: _____

v.

ZOLL MEDICAL CORPORATION, ZOLL MANUFACTURING CORPORATION, ZOLL LIFECOR CORPORATION, ZOLL LIFEVEST HOLDINGS, LLC, and ZOLL SERVICES, LLC,

      Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Nancy K. Brady, to sue the Defendants, ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC, for the claims stated herein. In support thereof, Plaintiff states:

### SUMMARY OF THE ACTION

1. Plaintiff brings this civil action pursuant to recover for the injuries she suffered from a defective and unreasonably dangerous ZOLL LifeVest wearable defibrillator (the "subject LifeVest").

2. Specifically, the subject LifeVest suffered from a manufacturing defect that caused the subject LifeVest to malfunction and unexpectedly shock Plaintiff when it was not supposed to. This unexpected electrical shock caused Plaintiff to fall to the ground and break her hip.

3. Plaintiff sues each of the Defendants for their respective roles in manufacturing, producing, assembling, and distributing the defective subject LifeVest.

## THE PARTIES, JURISDICTION & VENUE

4. Plaintiff Nancy K. Brady is a Florida citizen, resident, and domiciliary.

5. Defendant ZOLL Medical Corporation is a Massachusetts corporation with its principal place of business located in Massachusetts.

6. Defendant ZOLL Manufacturing Corporation is a Nevada corporation with its principal place of business located in Pennsylvania.

7. Defendant ZOLL Lifecor Corporation is a Delaware corporation with its principal place of business located in Pennsylvania.

8. Defendant ZOLL LifeVest Holdings, LLC is a Nevada limited liability company. The sole member of Defendant ZOLL LifeVest Holdings, LLC is Jason T. Whiting, who is a Pennsylvania citizen, resident, and domiciliary.

9. Defendant ZOLL Services, LLC is a Nevada limited liability company. The sole member of Defendant ZOLL Services, LLC is Sean M. Rollman, who is a Pennsylvania citizen, resident, and domiciliary.

10. This is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest.

11. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Medical Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Defendant ZOLL Medical Corporation:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b. Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or

omission committed outside Florida where, at or about the time of the injury, either (i) Defendant ZOLL Medical Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant ZOLL Medical Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

12. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Medical Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant ZOLL Medical Corporation is engaged in substantial and non-isolated activity within Florida.

13. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Manufacturing Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Defendant ZOLL Manufacturing Corporation:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b. Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant ZOLL Manufacturing Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant ZOLL Manufacturing Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

14. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Manufacturing Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant ZOLL Manufacturing Corporation is engaged in substantial and non-isolated activity within Florida.

15. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Lifecor Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1),

(1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Defendant ZOLL Lifecor Corporation:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b. Committing a tortious act within Florida; or

    c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant ZOLL Lifecor Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant ZOLL Lifecor Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

16. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Lifecor Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant ZOLL Lifecor Corporation is engaged in substantial and non-isolated activity within Florida.

17. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL LifeVest Holdings, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Defendant ZOLL LifeVest Holdings, LLC:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b. Committing a tortious act within Florida; or

    c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant ZOLL LifeVest Holdings, LLC was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant ZOLL LifeVest Holdings, LLC anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

18. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL

LifeVest Holdings, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant ZOLL LifeVest Holdings, LLC is engaged in substantial and non-isolated activity within Florida.

19. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Services, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Defendant ZOLL Services, LLC:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b. Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant ZOLL Services, LLC was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant ZOLL Services, LLC anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

20. This Court is authorized to exercise personal jurisdiction over Defendant ZOLL Services, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant ZOLL Services, LLC is engaged in substantial and non-isolated activity within Florida.

21. Venue is proper in this Court because (a) Defendants are foreign corporations, and (b) jurisdiction over each Defendant can be secured in Orange County, Florida.

## FACTS

22. ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC (collectively, "ZOLL"), are in the business of designing, manufacturing, assembling, marketing, supplying, distributing, repairing, maintaining, and servicing a wide range of medical devices, including wearable

cardioverter defibrillators like the LifeVest®.

23. The LifeVest is designed to protect patients at risk of sudden cardiac death. A patient prescribed to use a LifeVest wears the LifeVest on his body. The LifeVest monitors the patient's heart continuously through a set of electrodes. If the patient's heart goes into a life-threatening rhythm, the LifeVest is designed to detect this abnormal rhythm and deliver an electrical shock treatment to restore the patient's heart to a normal rhythm.

24. Prior to delivering a life-saving shock, the LifeVest is designed to sound an alarm to verify that the patient is nonresponsive. If the patient is conscious, the patient has time to respond to the alarms by pressing two buttons to stop the treatment sequence. If the patient does not respond, the LifeVest warns bystanders that a shock is about to be delivered to the patient and to stand back. If the patient's abnormal heart rhythm continues without the patient responding, the LifeVest is designed to deliver an electrical shock treatment to the patient through the electrodes.

25. After a shock, if the patient's heartbeat returns to normal, the alarms stop and the LifeVest returns to its normal monitoring mode. However, if the patient's heartbeat does not return to normal, the LifeVest is designed to repeat the treatment cycle. The LifeVest can be programmed to repeat the treatment cycle up to five times, delivering up to five separate shocks.

26. Plaintiff was prescribed the subject LifeVest to treat an underlying heart condition that can cause an abnormal heart rhythm and result in sudden cardiac death.

27. On November 1, 2019, Plaintiff was wearing the subject LifeVest, which she relied on to provide life-saving shock treatment in the event she experienced an abnormal heart rhythm.

28. In the morning of November 1, 2019, although Plaintiff was not experiencing a treatable rhythm, the subject LifeVest sounded an alarm and vibrated to alert Plaintiff that it was about to shock her.

29. Because Plaintiff was conscious and was not experiencing a treatable rhythm, Plaintiff pressed the device's two buttons to stop the treatment sequence.

30. Despite Plaintiff acting to terminate the treatment sequence, the subject LifeVest continued to alarm and alert Plaintiff that it was about to shock her. Plaintiff again attempted to stop the treatment sequence by pressing the device's buttons, but the subject LifeVest did not respond.

31. Suddenly, the subject LifeVest began shocking Plaintiff several times, despite the fact Plaintiff was not experiencing a treatable event and had done what was required to stop the treatment sequence.

32. Due to one of the subject LifeVest's shocks, Plaintiff fell to the ground and broke her hip.

33. Plaintiff was rushed to the hospital for emergency surgery, following which she endured several more weeks of physical therapy. Despite her doctors' best efforts, Plaintiff continues to experience immense pain, discomfort, and limited mobility. Plaintiff has incurred well over $100,000 in medical and treatment costs as a result.

34. Following Plaintiff's injury, ZOLL immediately retrieved the subject LifeVest for examination. ZOLL has since repaired the subject LifeVest and distributed the subject LifeVest to another patient, who continues to wear, use, and rely on the subject LifeVest to this day.

35. The subject LifeVest's inappropriate treatment of Plaintiff on November 1, 2019 was the result of defects in the subject LifeVest's manufacture, production, assembly, and distribution.

36. The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

37. The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession, custody, and control.

38. The subject LifeVest's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

## CONDITIONS PRECEDENT

39. All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY

40. Plaintiff re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

41. ZOLL is responsible for designing, manufacturing, producing, assembling, supplying, distributing, repairing, refurbishing, maintaining, and servicing the subject LifeVest.

42. The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

43. The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

44. The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession, custody, and control.

45. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Nancy K. Brady demands judgment against Defendants ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC for all injuries and damages recoverable under Florida law, including economic damages, non-economic damages, pre-judgment interest, post-

judgment interest, and costs.

## COUNT II—NEGLIGENCE

46. Plaintiff re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as if fully stated herein.

47. ZOLL is responsible for designing, manufacturing, producing, assembling, supplying, distributing, repairing, refurbishing, maintaining, and servicing the subject LifeVest.

48. The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

49. The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

50. The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession, custody, and control.

51. ZOLL owed a duty to properly manufacture, produce, assemble, and distribute the subject LifeVest so as not to be in a defective and unreasonably dangerous condition.

52. ZOLL owed a duty to adequately test, inspect, maintain, repair, refurbish, service, and assure the quality of the subject LifeVest before distributing the subject LifeVest for Plaintiff's use.

53. ZOLL owed a duty to adequately test, inspect, maintain, repair, refurbish, service, and assure the quality of the subject LifeVest before the subject LifeVest reached Plaintiff.

54. ZOLL breached the above duties.

55. ZOLL's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Nancy K. Brady demands judgment against Defendants ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC for all injuries and damages recoverable under Florida law, including economic damages, non-economic damages, pre-judgment interest, post-judgment interest, and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs Nancy K. Brady hereby demands a trial by jury on all issues so triable.

Dated: December 21, 2021

/s/ *Steven E. Nauman*
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1500
Orlando, FL 32801
Telephone: (407) 244-3962
Email: snauman@forthepeople.com
Secondary Email: ccoates@forthepeople.com
*Counsel for Plaintiff*